UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS N. BROWN,

        Plaintiff,        Civil Action No.: 17-11577
                                    Honorable Gershwin A. Drain
v.                                Magistrate Judge Elizabeth A. Stafford

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S**
**APPLICATION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2]**

On October 4, Donald Brown filed a complaint on behalf of ("OBO") Douglas Brown (deceased), [ECF No. 1], along with an application to proceed *in forma pauperis* [ECF No. 2]. The application to proceed *in forma pauperis* should be **DENIED**, for two reasons.[1]

First, Donald Brown must be an executor or administrator of Douglas Brown's estate, or otherwise be authorized by statute, in order to prosecute

---

[1] The case has been referred to this Court for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). A report and recommendation is appropriate here, as magistrate judges do not have authority to deny motions to proceed IFP. *Woods v. Dahlberg*, 894 F.2d 187, 187-88 (6th Cir. 1990).

this case on behalf of Douglas Brown.  Federal Rule of Civil Procedure 17(a)(1).  Neither the complaint nor application to proceed *in forma pauperis* allege that Donald Brown has authority to prosecute this case.

Secondly, Donald Brown has not demonstrated that Douglas Brown's estate is entitled to a waiver of the filing fees. 28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets."  If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed.  *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990).  The affidavit here states that Douglas Brown is deceased, but it says nothing about the financial resources of his estate.

The Court thus **RECOMMENDS** that Plaintiff's application be **DENIED**.

Dated: May 24, 2017  
Detroit, Michigan

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 24, 2017.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager