UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS N. BROWN,

Plaintiff,

v.

NANCY A. BERRYHILL,

Defendant.

_____/

Case No. 17-cv-11577

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [5], OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION [6], DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2], AND DIRECTING PLAINTIFF OR HIS COUNSEL TO PAY FILING FEE BY JUNE 22, 2017**

On May 17, 2017, Douglas N. Brown ("Plaintiff") initiated this action pursuant to 42 U.S.C. §§ 405(g), challenging the final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Dkt. No. 1.

The matter was referred to Magistrate Judge Elizabeth A. Stafford on May 17, 2017. Dkt. No. 4. On May 24, 2017, Magistrate Judge Stafford recommended denying Plaintiff's application because it stated, in its entirety, "claimant deceased," without any supporting allegations of right to execute or administer the

-1-

estate or demonstration of financial need. Dkt. No. 2, p. 1 (Pg. ID 4). Plaintiff objected on June 7, 2017. Dkt. No. 6.

For the reasons stated herein, Plaintiff's objections are overruled and the Magistrate Judge's recommendation is accepted and adopted.

## I. STANDARD OF REVIEW

### A. Report and Recommendation

When a party files timely objections to a report and recommendation, the Court must "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "This de novo review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part." *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015) (citing 28 U.S.C. § 636(b)(1)).

Overly broad objections do not satisfy the objections requirement. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see United States v. Waters,* 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater,* 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")).

## B. *In Forma Pauperis* Application

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . .without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). If an application to proceed *in forma pauperis* is filed along with an affidavit that states what the plaintiff's assets are and that the plaintiff is unable to pay the filing fee, the court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Once the complaint has been filed, the Court examines it to consider whether it is frivolous or fails to state a claim upon which relief can be granted. *See id*.

## II. DISCUSSION

Magistrate Judge Stafford recommended denying Plaintiff's application to proceed *in forma pauperis* on May 24, 2017, Dkt. No. 5, based on two grounds. First, Magistrate Judge Stafford found that Donald Brown had not alleged that he

had the authority to prosecute this case on behalf of Douglas Brown. *Id*. at 1–2. Second, she found that the application, which states in its entirety "claimant deceased," leaving the rest of the application blank, did not provide adequate information about the financial resources of the estate to entitle a waiver of filing fees. *Id*. at 2.

Plaintiff filed two objections to the Magistrate Judge's report and recommendation. Dkt. No. 6. First, he states that Donald Brown is the proper substitute party for Douglas Brown, who is allegedly deceased. *Id*. at 2. To this effect, he attaches a "NOTICE REGARDING SUBSTITUTION OF PARTY UPON DEATH OF CLAIMANT" that was not presented to the Magistrate Judge. Dkt. No. 6-1. This form lists Donald Brown as Douglas Brown's parent, but not the executor or administrator of his estate. *Id. See also Blanton ex rel. Blanton v. Astrue*, No. 1:10-CV-2463, 2011 WL 2637224, at *3 (N.D. Ohio June 20, 2011), *report and recommendation adopted*, No. 1:10 CV 2463, 2011 WL 2637248 (N.D. Ohio July 6, 2011) (finding a parent did not have standing to challenge the denial of the claimant's DIB application because she did not show she was highest in priority to receive possible underpayment).

Second, he states—without providing any evidentiary support or affidavits—that there are no financial resources in Douglas Brown's estate, and thus his estate does not have the resources to pay the filing fee. Dkt. No. 6, p. 2 (Pg. ID 16).

Inadequate completion of an application to proceed *in forma pauperis* has been found to be grounds for denial of that application in the Eastern District of Michigan. *See Sprinkle v. Asadoorian*, No. 16-10631, 2016 WL 1090495, at *2 (E.D. Mich. Mar. 21, 2016) ("Plaintiff's application is completely inadequate. The only information Plaintiff includes in her application, other than her signature, the date, and the case caption, is that she is a homemaker. Plaintiff fails to check either 'yes' or 'no' in response to any of the questions regarding income on the first page, and also provides no response to any questions on the second page. No other supporting financial documentation was submitted. Plaintiff's application is essentially blank and incomplete. Accordingly, the Court will deny Plaintiff's application to proceed *in forma pauperis*."). Much like *Sprinkle*, Plaintiff has submitted an inadequate application for IFP status and has made no effort to rectify his application with a signed affidavit, even while introducing other new evidence in his objection.

Because Plaintiff presents new evidence and argument to the District Court without a compelling reason for not providing it to the Magistrate Judge, and because Plaintiff has failed to file a facially sufficient affidavit in support of his application to proceed *in forma pauperis*, the Court overrules his objections. Upon review of the parties' briefing and the Magistrate Judge's Report and

Recommendation, the Court concludes that Magistrate Judge Stafford reached the correct conclusion.

### III. CONCLUSION

Accordingly, the Court hereby **ACCEPTS** and **ADOPTS** Magistrate Judge Stafford's Report and Recommendation [5].

**IT IS FURTHER ORDERED** that Plaintiff's objections [6] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Application To Proceed *In Forma Pauperis* [2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff or his counsel is directed to pay the civil case filing fee by **June 22, 2017**. Failure to pay the filing fee by this deadline will result in dismissal of the complaint.

**IT IS SO ORDERED.**

Dated: June 8, 2017 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 8, 2017, by electronic and/or ordinary mail.
/s/ Shawna Burns for Tanya Bankston
Case Manager Generalist