UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD BROWN, OBO
DOUGLAS N. BROWN,

Case No. 17-CV-11577

Plaintiff,

v.

NANCY A. BERRYHILL,          Honorable Gershwin A. Drain
Acting Commissioner of       Magistrate Judge Elizabeth A. Stafford
Social Security,

Defendant.

_____/

**REPORT AND RECOMMENDATION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF STANDING**

**I.     INTRODUCTION AND BACKGROUND**

On May 17, 2017, Donald Brown (plaintiff) filed a complaint on behalf

of Douglas Brown (claimant), who is deceased, challenging the final

administrative decision denying claimant's application for disability

insurance benefits (DIB) under the Social Security Act [ECF No. 1].  After

plaintiff's application to proceed *in forma pauperis* was denied in part

because he failed to establish that he has authority to prosecute this case

on behalf of claimant, [ECF Nos. 2, 5, 7], the Court ordered plaintiff to show cause in writing why this action should not be dismissed for lack of standing. [ECF No. 8]. Plaintiff responded to the order and attached the claimant's death certificate and his application summary for DIB, which he asserts establish his standing to pursue the collection of the deceased claimant's benefits. [ECF Nos. 9, 9-1, 9-2]. The submitted documents establish that i) claimant is deceased; ii) plaintiff is the deceased claimant's father; iii) claimant was not married at the time of his death; and iv) claimant did not have children under age 18, age 18-19 attending elementary or secondary school full time, or over age 18 and disabled before the age of 22. [ECF No. 9-1, 9-2]. These documents do not confirm plaintiff's eligibility to receive payment of claimant's benefits, if awarded, and thus do not establish his standing to prosecute this case. Accordingly, the Court **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice.

## II. ANALYSIS

If a claimant dies before he receives an underpayment of DIB, certain other individuals may receive the DIB underpayment pursuant to an order of priority. *Blanton ex rel. Blanton v. Astrue*, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011), *report and recommendation adopted*, 2011 WL

2637248 (N.D. Ohio July 6, 2011) (citing 20 C.F.R. § 404.503(b); 42 U.S.C. § 404(d)).  As plaintiff correctly notes in his response to this Court's order to show cause, a deceased claimant's benefits may be paid, as follows:

1) To the spouse of the claimant if (a) living in the same household at the time of death, or (b) entitled to a monthly benefit on the same earnings record as the claimant for the month of death.

2) To the children of the claimant entitled to monthly benefits on the same earnings record as the claimant for the month of death.  (If there is more than one entitled child, payment is made in equal parts to each child.)

3) To the parent or parents of the claimant entitled to monthly benefits on the same earnings record as the claimant for the month of death. (If there is more than one entitled parent, payment is made in equal parts to each parent.)

4) To a spouse who does not meet the requirements of paragraph 1.

5) To children who do not meet the requirements of paragraph 2.

6) To parents who do not meet the requirements of paragraph 3.

7) To the legal representative of the claimant's estate.

§ 404(d); § 404.503(b).  An eligible individual may receive such benefits only if there are no preceding eligible individuals in the order of priority. *Blanton*, 2011 WL 2637224 at *2.

A member of any of the enumerated classes eligible for a deceased claimant's benefits has standing to pursue the deceased claimant's benefits only if he or she has shown she is the person highest in priority to receive the claimant's possible DIB benefits.  *See id.* at *3.  Such standing cannot be inferred from averments in the pleadings, but rather must affirmatively appear in the record; naked assertions devoid of further factual enhancement will not suffice.  *Id.* at *2 (citing *White v. United States*, 601 F.3d 545, 551–52 (6th Cir. 2010)). The party invoking federal jurisdiction bears the burden of establishing the elements of standing.  *Id.* at *2 (citing *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004).

Here, plaintiff has established that he is the deceased claimant's father, and that the claimant was not survived by any children under age 18, age 18-19 attending school full time, or over age 18 but disabled before age 22. [ECF Nos. 9-1, 9-2].  But he has not established that claimant died without any surviving children, or that he is entitled to monthly benefits on

4

the same earnings record as the claimant for the month of death.[1]

Accordingly, there may be individuals eligible to receive claimant's benefits who precede plaintiff in the order of priority.  *See Blanton*, 2011 WL 2637224 at *2.  For example, if the claimant has surviving adult children, they would have rights to any benefits awarded on claimant's behalf superior to those of plaintiff (priority level 5 versus priority level 6), unless plaintiff was receiving support from the claimant at the time he died and otherwise met the requirements for a surviving parent's benefits (thereby qualifying him as priority level 3).  *See* 20 C.F.R. § 404.370.  Without evidence that claimant had no surviving children, or that plaintiff satisfies the eligibility requirements to place his rights to benefits ahead of those of a surviving adult child, plaintiff has not demonstrated that he has standing to bring this suit.[2]  *See Blanton*, 2011 WL 2637224, at *3.

---

[1] A parent is entitled to collect the disability benefits of a deceased, insured child if, *inter alia*, the parent has reached age 62, is not entitled to a retirement benefit equal or larger than the unadjusted parents' benefit (75-82.5% of the deceased child's benefit), and was receiving at least one-half support from the insured child at the time of the insured child's death. 20 C.F.R. § 404.370; 20 C.F.R. § 404.373; 20 C.F.R. § 404.366.

[2] The record before the Court also does not establish plaintiff as the only surviving parent.  If plaintiff can establish standing and initiates a new action, claimant's mother, assuming she survived him, would be entitled to half of any awarded benefit.  *See* 20 C.F.R. § 725.545; *see also, Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 249 n.6 (6th Cir. 1995).

### III.    CONCLUSION

For the reasons stated above, the undersigned finds that plaintiff has not established standing to bring this action, and **RECOMMENDS** that his complaint [ECF No. 1] be **DISMISSED** without prejudice.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 8, 2017

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 8, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager

7