UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DONALD BROWN, OBO DOUGLAS N. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant.<br>_____/ | Case No. 17-cv-11577<br><br>UNITED STATES DISTRICT COURT JUDGE<br>GERSHWIN A. DRAIN<br><br>UNITED STATES MAGISTRATE JUDGE<br>ELIZABETH A. STAFFORD |

## ORDER ACCEPTEDING AND ADOPTING REPORT AND RECOMMENDTION [#10] DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF STANDING

### I. INTRODUCTION

This matter is before the Court on Plaintiff's complaint challenging Defendant's denial of Social Security Disability benefits (DIB) to Plaintiff's deceased son, Mr. Douglas Brown. Mr. Douglas Brown applied for DIB on March 28, 2014. Dkt. No. 1, pg. 2 (Pg. ID 2). The Social Security Commissioner denied the benefits on November 24, 2014. *Id.* On May 4, 2016, Plaintiff had an administrative hearing before an Administrative Law Judge (ALJ). *Id.* The ALJ denied Plaintiff's request for DIB on June 29, 2016. *Id.* On April 5, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ decision. *Id.* On

1

May 17, 2017, Plaintiff filed a complaint on behalf of his son, Douglas Brown, for judicial review of the Commissioner's decision to deny DIB. Dkt. No. 1. On June 23, 2017, Magistrate Judge Elizabeth A. Stafford ordered Plaintiff to Show Cause why this action should not be dismissed for lack of standing. Dkt. No. 8. Plaintiff responded on July 13, 2017. Dkt. No. 9. Magistrate Judge Stafford issued a Report and Recommendation on September 13, 2017, recommending that this Court dismiss Plaintiff's complaint for lack of standing. Dkt. No. 10. Plaintiff filed an objection on September 26, 2017. Dkt. No. 11. For the reasons discussed below, the Court accepts and adopts the Magistrate Judge's recommendation and concludes that Plaintiff lacks standing to bring this claim.

## II. ANALYSIS

This Court employs "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

**<u>Objection One</u>**

Plaintiff first objects to Magistrate Judge Stafford's conclusion that he failed to bring evidence sufficient to support a finding that the deceased has no living children. Dkt. No. 11, pg. 2 (Pg. ID 47). Plaintiff argues that affirmatively proving someone does not have children is "impossible." *Id.* Plaintiff contends that he

brought sufficient evidence because the record is devoid of any references to children of the deceased. *Id.*

The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004). "Standing cannot be inferred from averments in the pleadings; rather, it must affirmatively appear in the record from sufficient factual matter in the complaint so as to state a claim to relief that is plausible on its face. *Glenn v. Holder*, 690 F.3d 417, 420 (6th Cir. 2012) (quoting *White v. U.S.*, 601 F.3d 545, 551–52 (2010) (internal quotation marks omitted)).

A deceased claimant's benefits may be paid as follows:

1) To the spouse of the claimant if (a) living in the same household at the time of death, or (b) entitled to a monthly benefit on the same earnings record as the claimant for the month of death.
2) To the children of the claimant entitled to monthly benefits on the same earnings record as the claimant for the month of death. (If there is more than one entitled child, payment is made in equal parts to each child.)
3) To the parent or parents of the claimant entitled to monthly benefits on the same earnings record as the claimant for the month of death. (If there is more than one entitled parent, payment is made in equal parts to each parent.)
4) To a spouse who does not meet the requirements of paragraph 1.
5) To children who do not meet the requirements of paragraph 2.
6) To parents who do not meet the requirements of paragraph 3.
7) To the legal representative of the claimant's estate.

42 U.S.C. § 404(d) (2015), 20 C.F.R. § 404.503(b) (2008). However, an eligible individual is only entitled to a deceased's benefits if there are no other

preceding individuals in the line of priority. *Blanton ex rel. Blanton v. Astrue*, No. 1:10-cv-2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011); *see* 42 U.S.C. § 404(d); 20 C.F.R. § 404.503(c). Plaintiff contends that he has standing as the deceased's father, which is priority level number three under the statute. Therefore, in order for Plaintiff to have standing, he must demonstrate that the deceased died without a spouse and has no living children. Plaintiff must also demonstrate that he is the deceased's father.

The Plaintiff has demonstrated that he is the deceased's father. Plaintiff is named on the deceased's death certificate as his father. Dkt. No. 9-1, pg. 1 (Pg. ID 31). Additionally, Plaintiff has demonstrated that the deceased did not have a spouse at the time of his death. The deceased's death certificate lists his marital status as divorced, and the section reserved to name a surviving spouse is blank. *Id.*

However, Plaintiff has not affirmatively demonstrated that the deceased has no surviving children. The deceased's death certificate does not contain any section devoted to listing children. Nothing else in the record affirmatively proves or disproves the existence of children. As noted above, standing cannot be inferred, but it must affirmatively appear in the record. *Glenn v. Holder*, 690 F.3d at 420. Plaintiff argues that it is impossible to affirmatively prove that someone does not have children. Dkt. No. 11, pg. 2 (Pg. ID 47). However, Plaintiff can provide an obituary or death announcement in which surviving children are not listed among

the deceased's surviving family. *See Blanton ex rel. Blanton v. Astrue*, No. 1:10-cv-2463, 2011 WL 2637224, at *2 (N.D. Ohio June 20, 2011) (holding that the deceased was survived by children and a spouse based on the deceased's obituary). Plaintiff's chosen manner of proving that the deceased does not have surviving children is not crucial. What is crucial, however, is that the Plaintiff bring forth some evidence showing that there are no surviving children. Because the record is devoid of any such evidence, Plaintiff has failed to sustain his burden. Therefore, the Court holds that Plaintiff does not have standing to bring this claim.

**<u>Objection Two</u>**

Next, Plaintiff maintains that he has standing to seek review of the Commissioner's decision because he is a named party to this action. Dkt. No. 11, pg. 2 (Pg. ID 47). However, the Sixth Circuit makes clear that being a named party to an action is not enough to have standing. To have standing to pursue a benefits claim on behalf of another person, one must fit into one of the seven classes of persons specified by the Social Security Act. *See Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 247 (6th Cir. 1995); *see also* 42 U.S.C. § 404(d), 20 C.F.R. 404.503(b).

The fact that Plaintiff is a named party to this action is not enough to give him standing. He must also prove that he is a parent to the deceased and that the deceased has no spouse or living children. As stated above, the Plaintiff has

successfully proven that the deceased has no spouse and that he is the deceased's parent. However, Plaintiff must still affirmatively show that the deceased has no surviving children.

### III. CONCLUSION

Accordingly, Plaintiff's objection [#11] is OVERRULED. The Court hereby ACCEPTS AND ADOPTS Magistrate Judge Elizabeth A. Stafford's September 13, 2017 Report and Recommendation and DISMISSES Plaintiff's complaint without prejudice.

SO ORDERED.

Dated: November 30, 2017

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge